UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Lorenzo Maybin, #09-03731              ) C/A No. 4:09-1816-TLW-TER
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )
                                       )
Larry W. Powers;                       ) Report and Recommendation
Medical Staff from Spartanburg County Detention Facility, )
                                       )
                    Defendants.        )
_____

The Plaintiff, Lorenzo Maybin (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Spartanburg County Detention Facility (SCDF), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDF Medical Staff and the SCDF Director, Larry W. Powers, as Defendants.[2] Plaintiff claims he is being denied medical treatment and seeks monetary damages, as well as injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff states that he contracted a rash on his left leg "the end of May [or] 1st of June" 2009. (Complaint, page 4). Plaintiff indicates that he immediately began requesting medical attention for the rash, but has not yet seen a doctor. Plaintiff states that the rash has continued to worsen, is painful, and causes itching that makes it "hard for [Plaintiff] to sleep" or "do my daily activity." (Complaint, page 3).

Although Plaintiff has not been examined by a doctor, Plaintiff indicates that he has been given hydrocortisone cream by SCDF officers on several occasions: (1) Officer Riggby on June 26, 2009; (2) Officer McCavery on June 29, 2009; (3) Officer Graham on an unspecified date; and (4) Officer Silva on June 30, 2009. (Complaint, page 5). Plaintiff also states that he was seen by a nurse at the SCDF on July 2, 2009, who provided "the same cream" and indicated Plaintiff would be scheduled to see a doctor. (Complaint, page 5). Although it is less than clear, it also appears Plaintiff may have been examined by SCDF medical staff on an earlier date as he states he "notified medical" when his rash first began, but "they only looked at my leg and gave me hydrocortisone cream." (Complaint, page 4).

Plaintiff names the SCDF Medical Staff "due to the neglect . . . displayed upon my medical condition." (Complaint page 6). Plaintiff claims Defendant Powers has failed to respond to Plaintiff's grievances and correspondence regarding the medical problem.

Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right", and *(2)* "the person who has deprived him of that

right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961).

As an initial matter, Plaintiff names one Defendant, the Spartanburg County Detention Facility (SCDF) Medical Staff, which is not amenable to suit under § 1983. The law is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

Additionally, use of the term "staff" or "medical agency" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007)("[P]laintiffs in § 1983 actions may not be subject to suit collective characterizations such as management or staff")(internal quotations omitted)(citing *Sims v. Med. Staff of Cook County D.O.D.*, No. 24 C 1971, 1994 WL 687496, at *1 (N.D.Ill. Dec. 8, 1994)); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, at *1 (D. Conn., Feb. 9, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759 (S.D. N.Y. Jun. 20, 1991). Because the Spartanburg County Detention Facility Medical Staff is not a "person" amenable to suit under § 1983, the claim against this Defendant is subject to summary dismissal.

Next, with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court has also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. *See also Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice").

In *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986), the district court ruled that the proper inquiry is whether the prisoner was provided any treatment, and that the prisoner's agreement or disagreement with the treatment is irrelevant. The instant complaint claims that the Plaintiff has been denied treatment by a doctor. Liberally construed, Plaintiff may be attempting to state a claim of deliberate indifference to medical needs. However, Plaintiff's complaint clearly indicates that he has been seen by SCDF Medical Staff on at least one occasion and has been provided topical medication for his rash several times. As such, Plaintiff's claim does not rise to the level of deliberate indifference to a serious medical need.

At best, Plaintiff's allegations may be interpreted as an action for negligent or incorrect medical treatment. In fact, Plaintiff appears to be stating just such a claim, indicating that the Defendants have shown "pure neglect" in their response to his medical condition. (Complaint, page 4). However, negligence and mal-practice claims are not cognizable under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. at 106 (negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983). As the factual allegations in Plaintiff's complaint fail to state a cognizable claim of deliberate indifference, and negligence is not actionable under § 1983, Plaintiff's case is subject to summary dismissal.

## Recommendation

      Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

|  |  |
|---|---|
| | s/Thomas E. Rogers, III |
| September 9, 2009 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk  
United States District Court  
P. O. Box 2317  
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).